IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MATTHEW NEMEROFF,** <br><br> Plaintiff, <br><br> v. <br><br> **GIORDANO'S GARDEN GROCERIES, LLC** <br><br> Defendant. | **CIVIL ACTION** <br><br> NO. 22-4291 |

<u>**MEMORANDUM RE: PLAINTIFF'S MOTION TO REMAND**</u>

**Baylson, J.**                                                                                       February 3, 2023

### I.  SUMMARY OF ALLEGED FACTS AND CLAIMS

The facts alleged in the Complaint are as follows. Plaintiff Matthew Nemeroff ("Nemeroff") worked for Defendant Giordano's Garden Groceries ("Giordano's"), a grocery and food delivery store; both are domiciled in Pennsylvania. Compl. (ECF 1) ¶¶ 1-2, 5-6. In July 2022, Nemeroff alerted the City of Philadelphia Department of Public Health that Giordano's was not maintaining workplace safety, was out of compliance with Philadelphia's regulations and was in violation of the federal Occupational Safety and Health Act ("OSHA"). <u>Id.</u> at ¶¶ 9-13. The City of Philadelphia Department of Public Health found that Giordano's was, in fact, out of compliance with Philadelphia regulations. <u>Id.</u> at ¶¶ 14-15. Nemeroff was then fired, which he claims was retaliatory in violation of Pennsylvania's public policy protecting workers engaging in "protected activity under" the Pennsylvania statute and OSHA (namely, reporting violations of workplace safety and public health issues). <u>Id.</u> at ¶¶ 13, 16-23, 29. Nemeroff seeks relief for his alleged retaliatory firing under Pennsylvania common law, for wrongful termination. <u>Id.</u>

1

at ¶¶ 24-38. Nemeroff filed this action in state court, and Giordano's removed to this Court arguing federal question jurisdiction. Notice of Removal (ECF 1).

## II. SUMMARY OF BRIEFING

Nemeroff moves to remand this action back to Pennsylvania state court, arguing that the reference to OSHA is tangential to his claim of violation of Pennsylvania public policy. Pl.'s Mot. (ECF 7) at 3-6. He argues that there is no federal question jurisdiction for two main reasons: (1) because there is no individual cause of action under OSHA, and (2) because the claim is not brought under a federal statute. Id. Giordano's responds that because Nemeroff's Complaint "set forth a cause of action based upon public policy concerns in a federal statute," that the claim therefore "necessarily turns on a disputed issue of federal law." Resp. (ECF 9) at 1-2. Nemeroff replies that the case law Giordano's relies on does not go as far as Giordano's claims, and that the actual issue in the case is purely a question of state law. Reply (ECF 9) at 1-3.

## III. STANDARD OF REVIEW

"Lack of subject matter jurisdiction voids any decree entered in a federal court and the continuation of litigation in a federal court without jurisdiction would be futile." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987); Dunson v. McNeil-PPC, Inc., 346 F. Supp. 2d 735, 737 (E.D. Pa. 2004). Thus "[i]f the court determines that it lacks federal subject matter jurisdiction, then remand is mandatory." Apoian v. Am. Home Prods., Corp., 108 F. Supp. 2d 454, 455 (E.D. Pa. 2000).

Federal "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth., 809 F.2d at 1010. In Brown v. Francis, the Third Circuit interpreted "all doubts" to mean that if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." 75 F.3d 860, 865 (3d Cir. 1996). The

"removing party bears the burden of proving the existence of federal subject matter jurisdiction." Apoian, 108 F. Supp. 2d at 455.

IV.   ANALYSIS

Federal question jurisdiction is appropriate when the right to relief depends on, and is not merely colored by, "the construction or application of the Constitution or federal law." Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921). The Supreme Court ruled that the federal question at issue must be "essential" to resolving the state law claim. Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg. 545 U.S. 308, 315 (2005). In Grable & Sons, the Supreme Court provided further clarification of when a claim meets this standard, saying:

> It has in fact become a constant refrain in such cases that federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.

Grable & Sons, 545 U.S. at 313 (internal citations omitted).

Giordano's argues, citing both Grable & Sons and Smith, that Nemeroff's claim implicates a federal question because the claim references OSHA in support for establishing Pennsylvania common law public policy protection for employees who report workplace safety and public health violations. Resp. at 6. However, Giordano's does not clearly articulate a dispute over "the construction or application" of federal law. Smith, 255 U.S. at 199.

Giordano's argues remand would be inappropriate because Nemeroff's wrongful termination claim necessarily involves analysis and interpretation of OSHA. Resp. 5-6. It argues that federal questions exist as to whether (1) OSHA's public policy applies to Giordano's actions, and if so, (2) whether Nemeroff's discharge violated such public policy. Id. at 6. These questions are not federal in nature. Whether OSHA creates a public policy mandate in the state of Pennsylvania that is applicable to Giordano's is not a question that requires interpreting federal

3

law. Instead, it requires a court to determine how much a federal statute or regulation affects the development of, or has been incorporated into, Pennsylvania common law, namely the common law "public policy" cause of action for wrongful termination. McLaughlin v. Gastrointestinal Specialist, Inc., 750 A.2d 283, 290 (Pa. 2000) (emphasizing the state's presiding interest in establishing its own common law public policy exception to at-will employment). This is a question of Pennsylvania common law.

The second question raised by Giordano's asks whether Giordano's violated Pennsylvania's public policy by firing Nemeroff. The crux of that issue requires a determination of whether Pennsylvania public policy has been violated; it does not implicate a significantly contested federal question. Thus, these questions do not raise substantial federal issues as required for removal under Grable & Sons and Smith.

Furthermore, the Pennsylvania Supreme Court has ruled that, to bring a common law cause of action for wrongful termination, an employee must demonstrate that his or her termination implicated a clear mandate of public policy in the Commonwealth. McLaughlin, 750 A.2d at 287. The McLaughlin court ruled that an employee cannot establish a public policy mandate by only referencing a federal statute like OSHA. Id. at 288. Rather, a plaintiff must be able to articulate a clear and substantial public policy established "within the Commonwealth." Id. The court defines "public policy" for purposes of this cause of action as the policy goals established in legislation, court opinion, the Pennsylvania Constitution, or other sources of legal authority that shed light on the policy goals of the state. Id. This suggests that, even if there were serious debate over OSHA's meaning in general, it is not necessarily relevant when evaluating the public policy of Pennsylvania because Nemeroff's claims must rely principally on state law.

Nemeroff alleges that a public policy mandate is created by the Pennsylvania Worker and Community Right-to-Know Act (PWCRA) and OSHA regulations together. Therefore, the only question involving OSHA is whether OSHA, either alone or in conjunction with state law or city ordinances, creates a public policy mandate in Pennsylvania through which a plaintiff could sue for wrongful termination. This question is firmly within the purview of Pennsylvania state courts and does not require interpretation of OSHA beyond how Pennsylvania has incorporated OSHA into its own public policy. Furthermore, Nemeroff may be able to establish a public policy mandate using only the state regulations and city ordinances referenced in his Complaint; Giordano's tacitly admits this possibility by preemptively addressing those state regulations in its Response. Resp. at 6-8. The issue might therefore be resolved without addressing the federal issue at all. Thus, Nemeroff's citation to OSHA regulations in his Complaint did not create a federal question of sufficient weight to establish federal question jurisdiction.

### V. CONCLUSION

For the foregoing reasons and in light of the standard of review that heavily favors remand, the Motion to Remand shall be **GRANTED**. An appropriate Order follows.